IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RONALD F. NORTON, JAN M. HUDGINS-NORTON, DON MACMILLAN and NELLY MACMILLAN, | § § § § § |
| Plaintiffs, | § § |
| v. | §  Civil Action No. 3:24-mc-9999 § |
| BETTER MORTGAGE CORPORATION, COLONIAL SAVINGS, F.A., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | § § § § § § |
| Defendants. | § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendants Colonial Savings, F.A. ("Colonial"), and Mortgage Electronic Registration Systems, Inc. ("MERS", and together with Colonial, "Defendants") file this notice of the removal of this action from the Circuit Court of Lewis County, Tennessee. Defendants submit this Notice in support of their removal. Removal is based on diversity jurisdiction. Defendants respectfully show as follows:

## INTRODUCTION

1.  On or about March 28, 2024, Plaintiffs Ronald F. Norton, Jan M. Hudgins-Norton, Don MacMillan and Nelly MacMillan (collectively "Plaintiffs") filed their *Complaint* in Case No. 2024-CV-2 in the Circuit Court of Lewis County, Tennessee, styled *Ronald F. Norton, Jan M. Hudgins-Norton, Don MacMillan and Nelly MacMillan v. Better Mortgage Corporation*. On or about April 24, 2024 Plaintiffs filed their *Amended Complaint* (hereafter "Complaint") and added Colonial Savings, F.A., and Mortgage Electronic Registration

Systems, Inc. as defendant to the suit (hereafter the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as <u>Exhibit A</u>. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Complaint, are attached hereto within the contents of <u>Exhibit B</u>.

2. The allegations in the Complaint relate to the recording of a deed of trust on real property located in Lewis County, Tennessee (the "Subject Property"). (*See Complaint* at ¶¶5-22.)

3. In the Complaint, Plaintiffs contend that Don MacMillan and Holly Hutchins purchased 28 ½ acres in Lewis County, Tennessee on or about November 27, 2017. (*See Complaint* at ¶¶5-6.)

4. Plaintiffs further contend that on or about July 31, 2018, ten of the 28 ½ acres was transferred to HD Property Development, LLC, and that three of the 28 ½ acres was transferred to Ronald F. Norton and Jan M. Hudgins-Norton. (*See Complaint* at ¶¶7-9.)

5. Plaintiffs further contend that on or about March 22, 2019, Don MacMillan and Holly Hutchins took out a $144,000.00 construction loan on the remaining portions of the 28 ½ acres, said portion being about 15 ½ acres. (*See Complaint* at ¶10, Exh. D.)

6. Plaintiffs further contend that on or about April 16, 2020, HD Property Development, LLC, conveyed whatever interests in had in the original 28 ½ acres to Don MacMillan, said interest referring to the 10 acres paragraph 4 above. (*See Complaint* at ¶12.) Don MacMillan on or about January 21, 2021 transferred the 10-acre tract to Ronald F. Norton and Jan M. Hudgins-Norton. This conveyance, according to Plaintiffs, caused Ronald F.

Norton and Jan M. Hudgins-Norton to have title to both the three-acre and the ten-acre tracts reference in paragraph 4 above. (*See Complaint* at ¶14.)

7. Plaintiffs further contend that Don MacMillan, with his spouse, Nelly MacMillan, sought to refinance the $144,000 construction loan referenced in paragraph 5, above. (*See Complaint* at ¶15.) Don MacMillan, with his spouse, Nelly MacMillan, then on or about January 25, 2022 took out a loan with Better Mortgage Corporation ("Better") in the amount of $204,562.00. (*See Complaint* at ¶17, Exh. H.) According to Plaintiffs, the deed of trust for this loan with Better should have only encumbered the approximately 15 ½ acres of the original 28 ½ acres that had not been conveyed to Ronald F. Norton and Jan M. Hudgins-Norton. (*See Complaint* at ¶¶17-19.) Instead, it allegedly encumbered all 28 ½ acres. *Id.*

8. In the Complaint, Plaintiffs allege that the alleged improperly encumbrances on the ten-acre tract and the three-acre tract has prevented Don MacMillan and Ronald Norton from closing on a mortgage loan on those two tracts that would have allowed them to construct cabins that could be rented to the public. (*See Complaint* at ¶¶22-23.)

9. This Notice of Removal is timely because thirty (30) days have not expired since the case was initially filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

10. This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. Section 1332.

### BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A. There is complete diversity among all properly joined parties.**

11. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiffs and Defendants, and more than $75,000.00 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

12. Plaintiffs Ronald F. Norton and Jan M. Hudgins-Norton reside in and are citizens of Michigan. (*See Complaint* at ¶1.)

13. Plaintiffs Don MacMillan and Nelly MacMillan reside in and are citizens of Tennessee. (*See Complaint* at ¶5.)

14. Better is a corporation formed and existing under the laws of the State of California with its principal place of business in New York, making it a citizen of California and New York for diversity-jurisdiction purposes.

15. Colonial is a federal association with its principal place in Texas, making it a citizen of Texas for purposes of diversity jurisdiction.

16. Defendant MERS is a Delaware corporation with its principal place of business in Georgia. Therefore, MERS is a citizen of Delaware and Virginia for diversity purposes. 28 U.S.C. § 1332(c).

**B. The amount in controversy exceeds $75,000.00.**

**1. Plaintiffs' request for injunctive relief alone exceeds $75,000.00.**

17. The Sixth Circuit recognizes that, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977)). When the object of the litigation is certain real property the majority of courts use the fair market approach to determine the amount in controversy. *See Sandlin v. Citibank, N.A.*, No. 15-2768-JTF-dkv, 2015 U.S. Dist. LEXIS

177408, at *6 (W.D. Tenn. Dec. 18, 2015) (citing *Muheljic v. Bank of Am., N.A.*, No. 2:14-00051, 2014 U.S. Dist. LEXIS 160522, 2014 WL 6085869, at *2 (M.D. Tenn. Nov. 12, 2014); *Rossi v. SunTrust Mortgage, Inc.*, No. 3:11-CV-01045, 2011 U.S. Dist. LEXIS 149376, 2011 WL 6888530, at *2 (M.D. Tenn. Dec. 29, 2011).

18. According to the Lewis County Tax Assessor, the value of the ten-acre tract is $25,400.00 (*see Exhibit C-1*) and the value of the three-acre tract is $12,400.00 (*see Exhibit C-2*). Plaintiffs complain that the subject deed of trust encumbers both of these tracts, thus putting the fair market value of them in controversy.

19. Plaintiffs also seek actual damages in connection with their alleged inability to secure a mortgage loan on the ten-acre and three-acre tracts, which has prevented them from closing on a mortgage loan that would allow them to build cabins on those tracts for the purpose of renting them out to the public. (*See Complaint* at ¶¶47-52.) Plaintiffs do not specify in their Complaint how much this intended mortgage loan was supposed to be for. But a reasonable estimation is that it would be for 80% of the value of the ten-acre tract and the three-acre tract. Eighty percent of $37,800.00 is $30,240.00. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (moving party may estimate claim for damages to support amount in controversy); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014) ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.")

20. Plaintiffs also complain that Defendants' conduct has caused additional expenses to be incurred for the loan they expect to receive and lost profits. They do not identify those sums, but it would be reasonable to estimate those alleged damages to be at least $40,000.00. *See Waldron & Assocs., Inc. v. Loon, LLC*, 2012 U.S. Dist. LEXIS 63669, 2012

WL 1598122 at *4 (N.D. Ohio Apr. 17, 2012) (removing party may estimate amount of lost profits to demonstrate amount in controversy).

21. Plaintiffs also seek to recover their attorney's fees. (*See Complaint* at Prayer.) The amount in controversy includes attorney's fees anticipated through trial for claims that would allow the recovery of attorney's fees. *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369 (6th Cir. 2007)[1]. The amount of attorney's fees expected for Plaintiffs to litigate this case through trial is approximately $40,000.00.

22. Defendants categorically deny that Plaintiffs are entitled to the relief they seek in this suit but there can be no dispute that the minimum amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

## VENUE

23. Venue for removal is proper in this district and division, the United States District Court for the Middle District of Tennessee, Columbia Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the Circuit Court of Lewis County, Tennessee, the forum in which the removed action was pending.

## NOTICE

24. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of the Circuit Court of Lewis County, Tennessee.

25. The contents of Exhibit B constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendants respectfully request that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

---

[1] Plaintiffs do not appear to have pleaded a claim for which attorney's fees may be awarded, but they include a request for attorney's fees in their Prayer.

Respectfully submitted,

By: _/s/ Jason R. Nabors_
   **JASON R. NABORS**
   TN Bar No. 037937
   jnabors@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
7100 Commerce Way, Suite 273
Brentwood, Tennessee 37027
Telephone: (615) 238-3860
Facsimile: (615) 777-4517

**ATTORNEYS FOR DEFENDANTS**
**COLONIAL SAVINGS, F.A. AND MERS**

## List of all Counsel of Record

For Plaintiffs Ronald Norton, Jan Hudgins-Norton, Don Macmillan and Nelly Macmillan

John A. Barney
BRN#017871
john@jbarneylaw.com
Barney Law Firm
503 Prince of Wales Ct.
Franklin, TN  37064
Telephone: (210) 341-6588
Facsimile: (210) 701-8481

For Defendants Colonial Savings, F.A. and Mortgage Electronic Registration Systems, Inc.

Jason R. Nabors
BRN#037937
jnabors@mwzmlaw.com
**MACKIE, WOLF, ZIENTZ & MANN, PC**
7100 Commerce Way, Suite 273
Brentwood, Tennessee 37027
Telephone:  (615) 238-3860
Facsimile:  (615) 777-4517

For Defendant Better Mortgage Corporation

Dan Puyear
BRN# 018190
Puryear Law Group
Woodmont Centre
104 Woodmont Blvd., Suite 201
Nashville, Tennessee  37205
Telephone:  (615) 630-6601
Facsimile:  (615) 630-6602

## INDEX OF DOCUMENTS ATTACHED

Exhibit A    Copy of the Docket Sheet for Case No. 51CC1-2024-CV-2 in the Lewis County Circuit Court, Tennessee;

Exhibit B    Pleadings in Cause No. Case No. 51CC1-2024-CV-2 in the Lewis County Circuit Court, Tennessee;

    B-1    Plaintiff's Complaint, March 28, 2024;

    B-2    Issued Summons on Better Mortgage Corporation, March 28, 2024;

    B-3    Plaintiff's Amended Complaint, April 24, 2024;

    B-4    Issued Summons on Colonial Savings, F.A., April. 24, 2024;

    B-5    Issued Summons on Mortgage Electronic Registration Systems, Inc. April.24, 2024;

    B-6    Plaintiff's Motion for Temporary Injunction, April 24, 2024;

    B-7    Notice of Hearing, April 25, 2024;

Exhibit C    Declaration of Jason R. Nabors;

    C-1    Print out from the Lewis County, Tennessee Appraisal District web-site on May 1, 2024;

    C-2    Print out from the Lewis County, Tennessee Appraisal District web-site on May 1, 2024; and

Exhibit D    Consent to Removal by Better Mortgage Corporation.

NOTICE OF REMOVAL    Page 9
24-000014-510-1
Case 1:24-cv-00048    Document 1    Filed 05/07/24    Page 9 of 10 PageID #: 9

# CERTIFICATE OF SERVICE

       I hereby certify that on May 7, 2024, a true and correct copy of the foregoing was served via regular U.S. mail on the following counsel of record:

John A. Barney
Barney Law Firm
503 Prince of Wales Ct.
Franklin, TN 37064
john@jbarneylaw.com

Dan Puyear
Puryear Law Group
Woodmont Centre
104 Woodmont Blvd., Suite 201
Nashville, Tennessee 37205

                                                */s/ Jason R. Nabors*
                                             **JASON R. NABORS**

NOTICE OF REMOVAL                                                                   Page 10
24-000014-510-1
Case 1:24-cv-00048    Document 1    Filed 05/07/24    Page 10 of 10 PageID #: 10